## CALDWELL v. DETROIT ELECTRODE HOLDER MANUFACTURING COMPANY.

1. PARTNERSHIP—PARTIES—SERVICE OF PROCESS—JUDGMENT.

Plaintiff failed to establish a right to recover against partnership or any member thereof as a partner, where no service of process was had upon the partnership or member thereof as a partner, action was prosecuted to judgment against defendant corporation and its president and it is undisputed that the corporation, which had not been organized until 15 months after plaintiff had negotiated oral contract sued on, had not succeeded to the business of the partnership.

2. CORPORATIONS—CONTRACTS—PARTNERSHIP.

Recovery for breach of an oral contract may not be had against defendant corporation, where contract sued on was made some 15 months before corporation was organized and the testimony is undisputed that the corporation had not succeeded to the business of the partnership for which the contract had been negotiated.

3. PRINCIPAL AND AGENT—MISTAKE—CONTRACTS—CORPORATIONS—PARTNERSHIP.

Plaintiff may not recover against individual defendant who had negotiated oral contract sued on, where plaintiff knew such defendant had negotiated it in a representative capacity, mistakenly assuming it to have been for a corporation instead of a partnership, such error was not due to plaintiff's reliance upon any misrepresentation, fraud or deceit on the part of such individual defendant, and there is no proof that the corporation was a mere artificial alter ego through which the individual carried on his individual business.

---

REFERENCES FOR POINTS IN HEADNOTES

[2, 3] Liability of corporation succeeding to business of partnership or individual, for debts of predecessor. 15 ALR 1126; 149 ALR 797.

[3] Signing articles of incorporation as rendering one liable on contracts entered into prior to conclusion of incorporation. 44 ALR 776.

Appeal from Wayne; Maher (Thomas F.), J. Submitted January 8, 1952. (Docket No. 1, Calendar No. 45,098.) Decided April 7, 1952.

Action by Wilfred F. Caldwell against the Detroit Electrode Holder Manufacturing Company, a Michigan corporation, and Thomas S. Donnelly for money allegedly due under oral contract. Judgment for plaintiff. Defendants appeal. Reversed without a new trial.

*Charles F. Welsh* and *Emerson J. Northway,* for plaintiff.

*Eugene G. Donohoe* and *Joseph Sanders,* for defendants.

NORTH, C. J. In his suit tried before the court without a jury, plaintiff recovered a judgment for $47,000 against the above-named defendants. The nature of plaintiff's cause of action is set forth in the declaration, from which we quote. Defendants have appealed. Plaintiff's declaration in addition to the common counts contains a special count which in part reads:

"William F. Caldwell, plaintiff, * * * complains of the Detroit Electrode Holder Manufacturing Company, *a Michigan corporation,* and Thomas S. Donnelly, jointly and severally, defendants herein, of a plea of trespass on the case upon promises, the said Detroit Electrode Holder Manufacturing Company, *a Michigan corporation,* and Thomas S. Donnelly, having been duly summoned. * * *

"2. That *in the latter part of August, 1940,* the defendant, The Detroit Electrode Holder Manufacturing Company, by its president, Thomas S. Donnelly, requested the plaintiff to assist him *in laying out a sales plan and in the production of sales and to introduce to the manufacturers of war work and governmental agencies the product of the*

*Detroit Electrode Holder Manufacturing Company, and have the said products approved for use on war work.* That in accordance with said request of the said Donnelly the plaintiff did lay out a sales plan and at his own expense of time and money made 3 trips to Washington, D. C., trips to Baltimore, Philadelphia, New York, and other places in behalf of the products of the said Detroit Electrode Holder Manufacturing Company. In such effort and for such purpose he secured introductions from congressmen and various parties to government officials and war products manufacturers and placed samples of the said defendants' products with various governmental and manufacturing heads for approval, among whom was George E. Knox of the Division of Yards and Docks at Washington, D.C., and Commander W. W. Wade of the Navy Yard at Philadelphia, Pennsylvania, and that the plaintiff secured the approval by these men and others for use of the said products in war work and in government agencies. That after making the said trips and performing the said labors on his own time and expense, the defendant, through its president, Thomas S. Donnelly, requested the continuation of his services in behalf of the defendant company and agreed to pay the plaintiff 5% of the sale price of all products purchased by government agencies or manufacturers of war products. That as a result of said approvals, the defendant company sold a large volume of its products to governmental agencies and manufacturers of war products." (Emphasis supplied.)

Subsequently to August, 1940, the alleged date of the above-pleaded oral contract, and between October 8, 1940, and March 17, 1942, 8 letters or written memorandums concerning sales of its products were written to plaintiff on stationery headed "The Detroit Electrode Holder Mfg. Co." One of these communications was signed in the name of the manufacturing company, "By L. Wilkinson;" 3 were signed "Thos. S. Donnelly;" and the other 4 were

signed in the name of the manufacturing company, "By Thos. S. Donnelly." All but one, relative to appointment of a sales agent by plaintiff, had to do with the commission to be paid to plaintiff on certain specified sales made for the manufacturing company. However, it seems to be agreed between these parties litigant that the various subject matters of the 8 written agreements or memorandums are not involved in this suit, and that the judgment entered in this case was founded solely on the alleged oral agreement referred to in paragraph 2 of the declaration.

Defendants' motion to dismiss plaintiff's bill of complaint was denied, and defendants answered. Proofs were taken in open court and at the close of the proofs defendants made motions for judgment of no cause of action, which were denied, and judg-. ment was entered for plaintiff against the corporation and Donnelly for $47,000 and taxable costs. Prior to the finding for and entry of judgment, the trial court had at first determined that plaintiff had not proven the alleged oral contract. But, on plaintiff's motion, that finding was vacated and plaintiff was permitted to take further testimony. Judgment for plaintiff followed, as above noted.

The judgment from which this appeal is taken was entered in the circuit court in the following form:

"Wilfred F. Caldwell,

Plaintiff

-vs-

"The Detroit Electrode Holder Manufacturing Company, a Michigan corporation and Thomas S. Donnelly, jointly and severally,

Defendants.

"Judgment

"The parties again being present, the court heard the conclusion of the testimony, the arguments of

counsel and finds that the defendants did undertake and promise as the plaintiff has complained against them and assessed the plaintiff's damages at the sum of $47,000.

"Therefore, it is adjudged that the plaintiff recover his damages assessed as aforesaid with his costs to be taxed and have execution therefor."

It is obvious both from the form and substance of the above judgment that plaintiff was not adjudicated a right to recover against the Detroit Electrode Holder Manufacturing Company as a partnership. There has been no cross appeal. Neither the record nor the briefs filed on this appeal, nor any of the other formal documents, bear a title which includes the Detroit Electrode Holder Manufacturing Company as a partnership. No service of process was made upon any individual as a member of the Detroit Electrode Holder Manufacturing Company as a partnership. No appearance was entered for the partnership. Hence, it seems too clear for controversy that plaintiff has not established a right to recover against the partnership as such, or against any individual in his capacity as a member of the partnership. In so concluding we are mindful that late in the trial of this case, when upon the examination of defendant Thomas S. Donnelly, who was called as a witness by plaintiff, it was disclosed, and is not controverted, that at the time of plaintiff's alleged oral agreement, the business of the Detroit Electrode Holder Manufacturing Company was being carried on by a partnership composed of Thomas S. Donnelly, his son, his wife, and one Philip Bork [Bourque]. There is no question that the corporation under the name of the Detroit Electrode Holder Manufacturing Company was not organized until in December, 1941, a little more than 15 months after plaintiff claims the oral agreement was entered into in consequence of which he asserts his right to re-

cover. The following testimony given by Donnelly is not controverted:

"When the corporation was organized, it did not succeed to the business of the copartnership and the copartnership was not dissolved. * * * The corporation never did any business and all the business that was ever done was done in the name of the copartnership."

Thereupon plaintiff's counsel announced to the court:

"Your Honor, with the facts that are brought out here, we will ask that the name of the defendant be amended to the copartnership, including all of the copartners whom he has named. * * * I want to amend the name of the defendant to include the Detroit Electrode Holder Manufacturing Company, a copartnership. * * * We have not started suit against any copartnership."

After some colloquy the trial judge granted counsel's motion "to include" the partnership as a party defendant. However, as hereinbefore noted, so far as appears from the record, there was no actual amendment made in this particular to plaintiff's declaration. Nor was any process issued or served upon any one as a member of the partnership. Further, in the proceedings brought to this Court, in none of the formal documents, does the partnership, as such, appear as a party defendant in this case. In view of the foregoing, and particularly the form and substance of the judgment finally entered, it must be held that the Detroit Electrode Holder Manufacturing Company, *as a partnership,* is not a party to this appeal; nor has plaintiff established a right to recover against the partnership, or any of its members as such.

In so holding we are also mindful that practically at the close of the trial when hearing defendants'

motion for judgment in their favor, the circuit judge stated that judgment would be entered against "All 3 parties." But even if it had been so entered against the partnership, because of failure to make the partnership a party litigant by proper service of process and affording it an opportunity to be heard, such judgment against the partnership would have been invalid.

The remaining issues presented by this appeal are as follows: (1) Is plaintiff entitled to have the judgment affirmed against the Detroit Electrode Holder Manufacturing Company as a corporation; and (2) Is plaintiff entitled to have the judgment affirmed as against Thomas S. Donnelly, individually?

As bearing upon the liability of the defendant corporation, upon examination by the court, Donnelly testified as follows:

"*The Court:* And when the corporation was organized in December of 1941, who were the stockholders?

"*A.* In 1941, I think Philip Bork and myself.

"*The Court:* Did you ever have any dealings with this man as an individual?

"*A.* With who?

"*The Court:* Wilfred Caldwell, as an individual?

"*A.* Not as an individual, no; only as a representative of the manufacturing company."

In connection with the foregoing testimony it should be noted that the articles of incorporation disclose that the incorporators consisted of Philip Bourque, Lavina Wilkinson and Gelio D. Seghi. Donnelly further testified:

"The partnership, the partnership was the owner of the manufacturing company and sold any goods.

"*The Court:* And they are the owners that had dealings with the plaintiff?

"*A.* That is right."

Since the record conclusively shows that plaintiff's alleged contract, in consequence of which he seeks recovery, was made approximately 15 months prior to the existence of the corporation, and there being no proof of subsequent facts which would render the corporation liable, it seems the conclusion must follow that plaintiff is not entitled to recover against the corporation as such.

The remaining issue is whether plaintiff established a right of recovery against Donnelly as an individual. The only fair construction to put upon the record is that plaintiff was fully aware that Donnelly, in any transactions he may have had with plaintiff, instead of acting in his own right and interest as an individual, was acting in a representative capacity of another entity—a corporation, as plaintiff assumed. The very fact that plaintiff joined as a defendant the corporation is an admission by plaintiff that his dealings with Donnelly were in Donnelly's capacity as a representative of the assumed corporation, and not in Donnelly's individual capacity. Plaintiff does not rely upon any misrepresentation, fraud or deceit on the part of Donnelly which would render him personally liable. There is no proof in the record of that character, or that the corporation was a mere artificial alter ego through which Donnelly carried on his individual business. In consequence, we are of the opinion that plaintiff has not, in the instant case, established a right to recover against defendant Donnelly in his personal capacity.

The motions of defendant Donnelly and of the corporation, made at the close of all the proofs, for judgment of no cause of action should have been granted. In view of our conclusions hereinbefore expressed, it is not necessary to consider other defenses urged in behalf of appellants.

The judgment entered in the circuit court is re-

versed without a new trial; and appellants may have
costs of both courts.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE,
BOYLES, and REID, JJ., concurred.